UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMARCUS THOMAS,

              Plaintiff,

-against-

MARYANN CARTER, MANAGER OF THE
PLUBIC CLEARING HOUSE COMPANY,

              Defendant.

21-CV-9122 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in the Georgia State Prison in Reidsville, Georgia, brings this *pro se* action alleging that the Defendant has violated his rights. Plaintiff has previously brought a substantially similar action in this court that was dismissed for lack of subject matter jurisdiction. By order dated November 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Lamarcus Thomas brings this action against Maryann Carter, whom Plaintiff identifies as the manager of the "Plublic Clearing House Company," which the Court understands to be Publisher's Clearing House (PCH), located in Port Washington, Nassau

County, New York. He alleges that the events giving rise to his claims occurred on July 26, 2018, in the Georgia State Prison in Jackson, Georgia.

> Plaintiff's statement of facts reads in its entirety:
>
> I filed a 1983 legal action 7-26-2018 as a pro se, against the Plublic Clearinghouse Company the PCH had induced prisoner participant thr[ough] soliciting mail advertising[.] Mail all entry form back before the deadline for a chance to win a sweepstakes cash prize award[.] Alle[]ging violation of the Equal Protection Clause of the Four[teenth] Amendment (1) right secured by Constitution or laws of the United States was violated (2) the rights secured by person acting under the color of the State of Law[.] West vs. Atkins, 487 U.S. 42, 48 49 (1988).[2]

(ECF 2, at 4.)

> On the section of the form to state the relief he is seeking, Plaintiff writes,
>
> Seeking monetary relief on defendants who is immune from such relief 28 U.S.C. [illegible][.] Plaintiff must alle[]ge that he and Defendants are citizens of different states[,] Wis Dept of Corr v. Schcht, 524 U.S. 38, 288[,] that claim is in excess of the sum or value $75,000.00 the statutory jurisdiction amount[.]

(*Id.* at 6.)

Court records indicate that, on July 24, 2018, Plaintiff filed a complaint in this court against the same defendant. In that complaint, Plaintiff alleged that Defendant mailed him solicitations to enter sweepstakes sponsored by PCH even though he, as a prisoner, was barred from winning any prize money. *Thomas v. Carter*, ECF 1:18-CV-6672, 2 (S.D.N.Y. Jan. 23, 2019). By order dated October 17, 2018, the Hon. Judge Louis L. Stanton dismissed Plaintiff's claims for lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to replead to allege facts showing that the amount in controversy exceeded $75,000.00 to satisfy the requirements for diversity jurisdiction. ECF 1:18-CV-6672, 12. Judge Stanton subsequently

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint.

granted Plaintiff two 30-day extensions to file an amended complaint. ECF 1:18-CV-6672, 14, 17. Plaintiff failed to file an amended complaint, and by order dated January 23, 2019, Judge Stanton entered judgment dismissing the complaint for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure.[3] ECF 1:18-CV-6672, 18.

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

Because Plaintiff alleges that his federal constitutional rights have been violated, the Court construes his claims as arising under 42 U.S.C. § 1983.[4] To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States has been violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Carter is a private individual who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. The Court therefore dismisses

---

[3] Plaintiff also filed a notice of appeal of the order of dismissal granting him leave to replead, which the Second Circuit dismissed because it "lack[ed] an arguable basis either in law or fact." *See* ECF 1:18-CV-6672, 21 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). On March 4, 2019, more than a month after judgment was entered, Plaintiff filed a notice of appeal from Judge Stanton's July 27, 2018 order directing Plaintiff to submit a prisoner authorization. The Second Circuit dismissed that appeal by Mandate dated August 16, 2019, for Plaintiff's failure to pay the filing fee. *See* ECF 1:18-CV-6672, 24.

[4] Because Plaintiff has previously been granted leave to allege facts establishing diversity jurisdiction of substantively similar claims and has failed to do so, and because Plaintiff does not allege such facts here, the Court declines to construe Plaintiff's allegations as asserting claims under the Court's diversity jurisdiction.

Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's factual allegations indicate that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.[5]

---

[5] The Court also notes that Judge Stanton previously granted Plaintiff leave to replead a substantively similar claim, and Plaintiff failed to file an amended complaint despite Judge Stanton's granting him two extensions of time to do so.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state-law claims may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's motion for the Court to appoint *pro bono* counsel (ECF 3) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 29, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge